UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVON D. GREEN,<br><br>  Plaintiff,<br><br>  v.<br><br>M. HARROD, et al.,<br><br>  Defendants. | No.  2:22-cv-01285-WBS-CKD P<br><br><br>ORDER |

  Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**I.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at High

2

Desert State Prison ("HDSP"). Plaintiff alleges that two legal mail packages to the Board of Parole Hearings ("BPH") were never sent and that his incoming mail is being delayed. As a result of the failure to send his legal mail to the BPH, plaintiff contends that he was denied reconsideration of parole.

Named as defendants in this action are a correctional officer, the mail room, the Warden at HDSP, and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). By way of relief, plaintiff seeks monetary damages.

## II.   Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in the complaint.

### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between

the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C. Mail

Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89, (1987).  "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'"  Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)).  Courts have also afforded greater protection to legal mail than non-legal mail.  See Thornburgh, 490 U.S. at 413.  Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (emphasizing that a temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights).  Generally, such isolated incidents must be accompanied by evidence of an improper motive on the part of prison officials or result in interference with an inmate's right of access to the courts or counsel in order to rise to the level of a constitutional violation.  See Smith, 899 F.2d at 944.

### D.     Access to Courts

A prison's interference with legal mail may also violate an inmate's right of access to the courts which is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment.  See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the

4

courts). Prison officials may not actively interfere with an inmate's right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

### III.     Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. The allegations in the complaint do not rise to the level of a constitutional violation because they are isolated incidents of mail interference or tampering. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999). Plaintiff's First Amendment access to courts claim is based on the prison's failure to send his mail to the BPH. However, the right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis v. Casey, 518 U.S. at 353 n.3, 354-55 (1996) (emphasizing that "the injury requirement is not satisfied by just any type of frustrated legal claim."). Additionally, the complaint does not adequately link defendant Harrod to the access to courts claim or defendants Kibler and Gibson to any of the asserted constitutional violations based solely on their supervisory capacity. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). The mail room is not a proper defendant in this civil rights action because it is not a "person" under the federal statute. See 42 U.S.C. § 1983 (stating that "every person" acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."). For all these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in

5

specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 20, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gree1285.14.docx

7